## JONES v. SUBERA et al.

(Circuit Court, D. South Dakota. February 15, 1907.)

COURTS—JURISDICTION OF FEDERAL COURT—CITIZENSHIP OF COMPLAINANT.

Affidavits presented to a federal court on a motion to dismiss a suit for want of jurisdiction considered, and the facts shown *held* insufficient to sustain the burden resting upon the complainant to prove his alleged citizenship of the state of Washington, where it was shown that he left that state some 2½ years prior to the commencement of the suit, and thereafter resided continuously in South Dakota, where the suit was brought, and that at about the time of its commencement he described himself in conveyances as a resident of the latter state; his own testimony being that he was unmarried, that he owned a house in Washington, and at all times since leaving claimed his residence there, and intended to return there after the conclusion of certain litigation, and the disposal of property owned by him in South Dakota.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 885.

Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

On Motion by Defendants to Dismiss for Want of Jurisdiction.

W. G. Porter and Philo Hall, for complainant.

Keith, Danforth & Keith and Bates & Parliman, for defendants.

CARLAND, District Judge. Counsel for defendants have made a motion in the above-entitled action to dismiss the same, for the reason that the complainant is a citizen of the state of South Dakota, and not of the state of Washington, and that therefore this court has no jurisdiction of the action. There is no doubt but that counsel have a right to make this motion, but it is unfortunate that it should come before the court for decision upon affidavits, as it is a very unsatisfactory method of determining disputed questions of fact; but, under the provisions of Act Cong. March 3, 1875, 18 Stat. 472, c. 470, § 5, it is the plain duty of this court to dismiss any suit originally brought therein, whenever it shall appear to the satisfaction of the court that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court.

The affidavits filed on this hearing, both on the part of complainant, and on part of defendants, establish the following undisputed facts: Prior to October 10, 1902, complainant was a citizen of the state of Washington. On or about that date his brother having died near the city of Sioux Falls, S. D., complainant came to Sioux Falls and lived there a while with his niece, Nellie B. Jones, and then went to live with one Longerbeam upon a farm near the city of Sioux Falls, and continued to live with said Longerbeam until the expiration of the lease which Longerbeam had of the farm upon which he resided. The farm was then subsequently leased, and complainant reserved for his own use in the house on the farm two rooms in which he had a stove and other furniture necessary to one living under the conditions which surrounded complainant. Complainant is and always has been, as far as the proof shows, a single man. Complainant continued to live on the farm in question until the month of July, 1906, when he sold said farm, and removed into the city of Sioux Falls, where he continued to live until

the present time, in what is known as the "Thompson Block." That on December 11, 1902, complainant returned to the state of Washington and there remained until about the 1st of April, 1903, when he returned to the state of South Dakota, and lived as hereinbefore stated. Complainant has never exercised the right of suffrage in the state of South Dakota, neither does it appear that he exercised said right in the state of Washington after leaving there in April, 1903. Complainant's home at Ocean Park, Pacific county, state of Washington, was a seven room, modern house; and complainant states in his affidavit that he has maintained said home continuously down to the present time, and expects to return thereto when his business affairs in the state of South Dakota are concluded. It is unfortunate that the court is not informed as to what was done by complainant in maintaining his home in the state of Washington. He is a single man, 73 years of age, and it is difficult for the court to come to a reasonable conclusion as to what complainant did in maintaining his home in said state of Washington. Is it locked up with furniture as he left it or is it rented? It would seem that complainant ought to have given the court more light upon this subject. It is true that subsequent to the death of complainant's brother in South Dakota many suits were commenced by complainant and against complainant, growing out of rights asserted to property left by the deceased brother, and the court can see that complainant's presence would have been necessary here at the trial of said suits, but that such suits would have required the constant presence of complainant in the state of South Dakota may well be doubted. On July 30, 1906, complainant conveyed by warranty deed certain lands located in the county of Minnehaha, state of South Dakota, to Delbert Caldwell and Louis P. Caldwell, and, in said deed of conveyance, described himself as a single man of the county of Minnehaha in the state of South Dakota. On the 2d day of August, 1906, complainant executed to Louis P. Caldwell and Florence Caldwell a discharge of mortgage, and, in said instrument, described himself as being of the county of Minnehaha and state of South Dakota. This action was commenced August 8, 1906. The question for decision is whether complainant was a citizen of the state of Washington on August 8, 1906, and these solemn declarations of complainant in writing at or about the time this action was commenced are strong evidence as to what he then intended as to his citizenship.

Complainant on this hearing testifies that said declarations in said instruments were a mistake, and not called to his notice, and that he was ill and not able to notice matters as carefully as he otherwise would. Complainant also testifies that he always claimed the state of Washington as his home, and that he still claims it as his home. There is other evidence in the record that prior to the commencement of this suit, and while certain litigation was pending, he refused to consider himself a citizen of South Dakota. There is no evidence but what complainant is a man able to read and write and to transact business. If any of the other declarations of the instruments which he executed on or about the date of the commencement of this suit were in issue he would not be allowed to contradict them, and he can hardly be heard now to say that his declarations in those instruments, that he was of the

county of Minnehaha, and the state of South Dakota, were not true at the time they were made. There are statements in all the affidavits to the effect that the affiants believed that complainant is a citizen either of the state of Washington or the state of South Dakota, but these legal conclusions manifestly can have no weight with the court. The facts, so far as they appear from the affidavit, are fairly stated in this opinion, and it is for the court now to see whether under these facts the complainant is a citizen of the state of Washington or the state of South Dakota. Justice McLean of the Supreme Court of the United States, in the case of Nelson F. Shelton v. Clayton Tiffin and Lilburn Perry, 6 How. 163, 12 L. Ed. 387, used the following language:

"On a. change of domicile from one state to another, citizenship may depend upon the intention of the individual. But this intention may be shown more satisfactorily by acts and declarations."

It is true that a man may live in South Dakota and still be a citizen of the state of Washington, providing he intends to return to the state of Washington, and make that state his home, or, in other words, if complainant, when he left the state of Washington, intended to return, and has always, subsequently to that time, intended to return, he would still be a citizen of the state of Washington; so, in this case, we must ascertain if we can the intention of complainant as to which place he intended to make. his home. He says he has never intended to make South Dakota his home. Do his acts and declarations before the matter of citizenship became a subject of inquiry bear out such intention? When citizenship is denied, the burden of proof is upon the complainant to show such citizenship as would give the court jurisdiction. This would be the rule if the matter should come up under issues made by the pleadings, and it is also the rule where the matter comes before the court on motion, for the reason that the citizenship of the complainant in the state of Washington must affirmatively appear or the court has no jurisdiction.

I do not think, in face of the facts that appear by the affidavits filed, that complainant's testimony that he intends to return to the state of Washington permanently to reside can be allowed to decide the issue now before the court. It does not affirmatively appear to the court that complainant was a citizen of the state of Washington on the 8th day of August, 1906.

The motion, therefore, of the counsel for defendants will be granted.